# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC STEPHENSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-CIV-294-JHP |
| | ) |
| CINCINNATTI, INC., and | ) |
| | ) |
| CAPTIVE AIRE SYSTEMS, INC. | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

When a case is removed from state court, the 120 day time period begins anew from the date the action was removed.[1]

The current litigation was filed by Plaintiff in an amended petition dated August 19, 2011 in Muskogee County District Court against Defendants Cincinnati Inc., Cincinnati Press, and

---

[1] *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir.2010) ("Taken together, Mr. Wallace argues that, once his case was removed, he then had 120 days in which to effect service. We agree").

Captive Aire Systems, Inc.[2] It was removed by Defendant Cincinnati Inc. on August 23, 2011.[3] Defendant Cincinnati Inc. subsequently moved to amend the caption of this case, stating that the named Defendant "Cincinnati Press" did not exist.[4] The Court then ordered Rule 7.1(a) corporate disclosure statements, and after receiving a disclosure statement from Cincinnati Inc., the Court granted Defendant Cincinnati Inc.'s Motion to Amend Caption.[5]

On January 13, 2012, this Court issued a minute order requiring the Plaintiff to show cause why Defendant Captive Aire Systems, Inc. should not be dismissed for Plaintiff's failure to properly serve said Defendant as required by Federal Rule of Civil Procedure 4(m).[6] The deadline for Plaintiff's Response to the Court's show cause order was January 27, 2012.[7] The Plaintiff has failed to respond to this Court's show cause order. Further, as of the date of this Order, the Plaintiff has failed to issue summons or serve party Captive Aire Systems, Inc.

The Plaintiff, as the initiator of the litigation is required to take the steps necessary to ensure the Defendants are properly served in this litigation. Plaintiff did not properly perfect service upon Defendant Captive Aire Systems, Inc. within 120 days from the date this action was removed from

---

[2] *See* Amended Petition at 1, Docket 2-1. The original Petition was dated December 2, 2010, but Defendant Captive Aire Systems, Inc was not added until Plaintiff filed his Amended Petition. *See* Petition at 1, Docket 2-3.

[3] Docket No. 2.

[4] Docket No. 4

[5] *See* Docket No.'s 5, 6, 7.

[6] Docket No. 8.

[7] *Id.*

state court. Therefore, it is the Order of the Court that Plaintiff's action as against Defendant Captive Aire Systems, Inc. is **DISMISSED WITHOUT PREJUDICE.**[8]

Dated this 2nd day of February, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[8] The Court notes that remand of this case for Defendant's failure to comply with the unanimity of consent requirement for removal under 28 U.S.C. §1446(a) would be improper. District Courts within the Tenth Circuit have recognized an exception to the unanimity requirement regarding defendants who have not yet been served. *See, e.g., Cohen v. Hoard*, 696 F.Supp. 564, 566 (D.Kan.,1988). As Defendant Captive Aire Systems, Inc. has yet to be served, §1446(a) does not require it join Cincinnati Inc.'s removal petition for the petition to be procedurally valid.